## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| WASSERMAN MEDIA GROUP, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:25-cv-00243 |
| LUCAS MIRTL, an individual, and DOES 1–20, | § § § § | |
| Defendant. | § § § | |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Wasserman Media Group LLC ("Wasserman") brings this petition for exigent relief pursuant to JAMS Employment Rules and Procedures Rule 24 subdivision (e) seeking exigent injunctive relief in furtherance and in aid of the pending arbitration against Defendant Lucas Mirtl ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.  Wasserman brings this action in accordance with JAMS Employment Rules and Procedures Rule 24 subdivision (e) in furtherance and in aid of its pending arbitration before JAMS to obtain exigent relief through a temporary restraining order and a preliminary injunction to order the return of Wasserman's laptop from Defendant.

2.  Wasserman expressly reserves all rights to continue arbitration and does not make any waiver of the right to arbitrate.

3.  On January 1, 2021, Wasserman hired Defendant as a sports agent.

4.  In or around January 2025, Wasserman learned that Defendant had stolen over $600,000 from Wasserman's clients, and also stolen significant sums of money from Wasserman.

5.  On January 23, 2025, Wasserman terminated Defendant for gross misconduct and

1

violations of company policy.

6. Following his termination, Wasserman repeatedly demanded that Defendant return his company laptop which contains confidential and proprietary information and likely contains evidence of Defendant's misconduct.

7. To date, Defendant has not returned Wasserman's property.

8. As a part of his employment agreement with Wasserman, he and Wasserman agreed to arbitrate all disputes arising from his employment. Pursuant to that arbitration agreement he signed upon his hire, Wasserman filed an arbitration proceeding against Defendant on February 26, 2025, with JAMS alleging various causes of action against Defendant including but not limited to fraudulent misrepresentation, intentional interference, and breach of contract, among other things. Attached as Exhibit A to this Complaint is a copy of that Demand for Arbitration.

9. Wasserman brings this action for interim exigent relief pursuant to JAMS Employment Rule 24 subdivision (e), which provides that "[a]ny recourse by a Party to a court for interim or provisional relief shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate." Attached as Exhibit B to this Complaint is a copy of the JAMS Employment Rules & Procedures as downloaded from the JAMS website (https://www.jamsadr.com/rules-employment-arbitration/english) on March 10, 2025.

10. Because the JAMS Employment Rules that govern disputes arising out of Defendant's employment with Wasserman do not provide for interim and exigent relief in arbitration, Wasserman seeks relief from this Court on the narrow issue to return the laptop immediately before Defendant causes harm to the data therein or uses it to his benefit and to harm Wasserman.

11. However, Wasserman reserves the remainder of the dispute to JAMS as required

under the applicable arbitration agreement. By bringing this action in accordance with Rule 24(e), Wasserman expressly reserves the right to arbitration and does not waive that right.

## PARTIES

12. Plaintiff Wasserman Media Group, LLC is entertainment agency and a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business located at 10900 Wilshire Blvd., Suite 1200, Los Angeles, California 90024. Wasserman's members are not domiciled in Texas.

13. Defendant Lucas Mirtl is an individual who, upon information and belief, resides at 1050 Heron Crossing, Prosper, Texas 75078.

14. The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1-20, inclusive, are unknown to Wasserman at this time, and, therefore, said Defendants are sued by such fictitious names. Wasserman will seek leave to amend this Complaint and insert the true names and capacities of said Defendants when the same become known to Wasserman. Wasserman is informed and believes and thereupon alleges that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein.

## JURISDICTION AND VENUE

15. This is an action for injunctive relief where the value of the injunctive relief sought is worth more than $75,000, exclusive of interest, attorneys' fees and costs. Moreover, the underlying arbitration demand between the parties and which this litigation is in furtherance of, alleges over $500,000 at issue.

16. This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). As set forth above, there is complete diversity between the parties, and more than $75,000 is at issue in this action,

exclusive of fees/costs/interest.

17. This Court has authority and jurisdiction under the JAMS Employment Rules and Procedures Rule 24 subdivision (e) which provides: "Any recourse by a Party to a court for interim or provisional relief shall not be deemed incompatible with the agreement to arbitrate or a waiver of the right to arbitrate." This Court has authority and jurisdiction to issue the relief sought and hear this matter per the agreement of the Parties in furtherance of arbitration and without waiver of such rights.

18. This Court has personal jurisdiction over Defendant because Defendant is a resident of the State of Texas, residing in the City of Prosper.

19. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is domiciled in this Judicial District.

## **FACTUAL ALLEGATIONS**

20. On January 1, 2021, Wasserman and Defendant entered into an Employment Agreement which outlines the terms and conditions of Defendant's employment with Wasserman (the "Employment Agreement").

21. The Employment Agreement was subsequently amended on January 1, 2022, and January 1, 2024. Attached as Exhibit C to this Complaint is a copy of the Employment Agreement and amendments.

22. Paragraph 6(d) of the Agreement states that "All records, files, recipes, customer/client lists, documents, models, equipment, property, computer, software, or intellectual property relating to the Company's business in whatever form (including electronic) will be returned to the Company upon the termination of your employment, whether such termination is your or the Company's request."

23. On January 23, 2025, Wasserman terminated Defendant's employment for cause due to gross misconduct.

24. Specifically, Wasserman learned that Defendant had engaged in fraudulent conduct and stolen hundreds of thousands of dollars from Wasserman and its clients.

25. Indeed, on January 30, 2025, Wasserman's clients filed an action against Defendant in Florida alleging conversion (among other things) and return of over $600,000 in damages. *See Jett Lawrence and Hunter Lawrence v. Lucas Mirtl*, Case No. 8:25-cv-252, Dkt. 1 (M.D. Fla. Jan. 20, 2025).

26. Upon his termination, Wasserman served Defendant with a notice reminding him of his continuing obligations under the Employment Agreement, including the immediate return of all company property, such as the company-issued laptop.

27. Since then, Wasserman has made multiple requests for the return of the laptop, all of which have been ignored by Defendant. This pattern of behavior further supports the need for immediate injunctive relief to prevent further harm.

28. The laptop contains sensitive and proprietary information belonging to Wasserman, including client contact information, client contract information, financial data, among of Wasserman's business information. Its unauthorized use or disclosure could cause significant harm to the company.

29. Indeed, Wasserman Defendant is now competing with Wasserman – and is using the information on the laptop not only to harm Wasserman but to benefit himself and his new competing business.

30. Wasserman spends significant resources to keep such information confidential and private.

31. On information and belief, the laptop also contains critical information related to Defendant's misconduct.

32. Wasserman seeks immediate injunctive relief and asks the Court to compel Defendant to return the company-issued laptop.

33. The value of the information contained on the laptop is worth well over $75,000.

34. The continued unauthorized possession of the laptop by Defendant poses an imminent threat of irreparable harm to Wasserman and its clients, for which there is no adequate remedy at law.

35. On February 26, 2025, Wasserman initiated an arbitration in JAMS against Defendant pursuant to the arbitration provision in the Employment Agreement, seeking redress for his fraud, breach of contract, and other wrongful conduct that has harmed Wasserman and its clients.

36. However, the applicable JAMS rules explain that exigent relief (such as that requested herein) must proceed in court and not through JAMS.

37. Accordingly, Wasserman filed this action and Motion for the narrow purpose to obtain expedient relief without waiving its right to arbitration and in furtherance and in aid of that arbitration now pending.

## **PRAYER FOR RELIEF**

Wherefore, Wasserman prays for relief as follows:

A. Injunctive relief as requested above, first in the manner of a temporary restraining order;

B. Then as a preliminary injunction, until such time as a duly appointed arbitrator renders an award in the underlying JAMS arbitration between the parties;

C. Ordering Defendant to return to Wasserman, or its counsel, all company property, including but not limited to Wasserman's laptop within twenty-four (24) hours of notice to Defendant or his counsel of the terms of such order;

D. Such other relief in law or in equity as the Court deems just and proper.

Dated: March 10, 2025                              NIXON PEABODY LLP


*/s/ Elizabeth M. Chiaviello*
Elizabeth M. Chiaviello*
Bar No. 24088913
echiaviello@nixonpeabody.com
799 9th Street NW
Suite 500
Washington, DC  20001-5327
Telephone:     202-585-8000
Facsimile:      202-585-8080

* Admitted to practice only in Texas; supervised by a member of the firm who is admitted to the D.C. Bar.

Attorney for Plaintiff,
WASSERMAN MEDIA GROUP LLC